IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| NADIA BROWN-HYATT | * |
| Plaintiff, | * |
|  | * Civil Case No.: SAG-25-1657 |
| v. | * |
| ANDREW J. BRENNER, et al., | * |
| Defendants. | * |

* * * * * * * * * *

**MEMORANDUM OPINION**

Plaintiff Nadia Brown-Hyatt ("Plaintiff"), who is self-represented, brings this action against Andrew J. Brenner, Howard N. Bierman, Carrie M. Ward, Jacob Geesing, Nicholas Derdock, Philip Shriver, Richard R. Goldsmith, Jr., Elizabeth C. Jones, Eric Vandeline, Daniel Dreifuss, TH MSR Holdings, LLC, Fairway Independent Mortgage Corporation, BWW Law Group, LLC, and the Honorable Michael A. DiPietro (collectively, "Defendants"). ECF 1. Plaintiff has filed an emergency motion for temporary restraining order and preliminary injunction, requesting that this Court enjoin a foreclosure sale scheduled for May 29, 2025. ECF 2. This Court has reviewed the filing and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons explained below, Plaintiff's motion, ECF 2, will be DENIED, and the complaint, ECF 1, must be DISMISSED.

I.   **BACKGROUND**

Plaintiff is the owner and occupant of the residential property located at 3707 Liberty Heights Avenue, Baltimore, MD 21215. ECF 1 at 2. On February 4, 2025, Defendant TH MSR

Holdings, LLC, through its Substitute Trustees,[1] initiated foreclosure proceedings against Plaintiff in the Circuit Court for Baltimore City, Case No. C-24-CV-25-001105. *Id*. The Honorable Michael A. DiPietro is the presiding judge in the pending state court foreclosure case. *Id*. On March 31, 2025, in state court, Plaintiff filed a motion to dismiss the foreclosure proceeding for lack of standing and subject matter jurisdiction. *Id*. In her motion to dismiss, Plaintiff alleged TH MSR Holdings and its Substitute Trustees never received assignment of the promissory note and thus lacked standing to institute foreclosure proceedings, thereby depriving the state court of jurisdiction to adjudicate the action. *Id*. at 3-4; *see also* ECF 1-7. The motion was unopposed, and Plaintiff filed a notice of no opposition on April 22, 2025. ECF 1 at 2; ECF 1-8. On May 13, 2025, Plaintiff filed a motion to stay to prevent a foreclosure sale scheduled for May 29, 2025, pending the resolution of the motion to dismiss. ECF 1-9 at 2-3. On May 16, 2025, Plaintiff filed an emergency motion for immediate ruling on the pending motions. ECF 2 at 2; ECF 1-9. The state court has not ruled on Plaintiff's pending motions. ECF 1 at 2; ECF 2 at 2.

      Plaintiff filed her complaint in this matter on May 23, 2025, alleging a violation of her due process rights and seeking declaratory relief. ECF 1. On the same day, Plaintiff filed an emergency motion for temporary restraining order and preliminary injunction pursuant to Federal Rule of Civil Procedure 65, seeking to enjoin all Defendants "from proceeding with any foreclosure sale, eviction, or transfer of title concerning the property at 3707 Liberty Heights Avenue, Baltimore, Maryland 21215." ECF 2 at 3.

---

[1] The Substitute Trustees are Defendants Andrew J. Brenner, Howard N. Bierman, Carrie M. Ward, Jacob Geesing, Nicholas Derdock, Philip Shriver, Richard R. Goldsmith, Jr., Elizabeth C. Jones, Eric Vandeline, and Daniel Dreifuss. ECF 1 at 2.

## II. LEGAL STANDARDS

A plaintiff seeking a temporary restraining order or a preliminary injunction "must establish that [s]he is likely to succeed on the merits, that [s]he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [her] favor, and that an injunction is in the public interest." *Air Evac EMS, Inc. v. McVey*, 37 F.4th 89, 102–03 (4th Cir. 2022) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

## III. DISCUSSION

Plaintiff seeks, *inter alia*, immediate injunctive relief to prevent Defendants from proceeding with any foreclosure sale concerning the subject property, including the sale scheduled for May 29, 2025. ECF 2. Before the Court can assess whether to grant injunctive relief, it must first determine whether it is appropriate to hear this case under the *Younger* abstention doctrine. *Younger v. Harris*, 401 U.S. 37 (1971).

Absent a few exceptions, *Younger* abstention requires a federal court to abstain from interfering in state proceedings, if there is: "(1) an ongoing state judicial proceeding brought prior to substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity to raise constitutional challenges." *Nivens v. Gilchrist*, 444 F.3d 237, 241 (4th Cir. 2006); *see also Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982). *Younger* expresses the "national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances." 401 U.S. at 41.

The foreclosure proceedings against Plaintiff in state court were initiated before this lawsuit and remain pending. *See* ECF 1. The State of Maryland has an important interest in enforcing property rights and judgments. Finally, the federal issues underlying this lawsuit,

3

including the constitutional issues, are naturally implicated in the pending state court foreclosure proceeding and can be adequately addressed there. *See Ochei v. Lapes*, No. 19-cv-3700, 2020 WL 528705, at *4 (S.D.N.Y. Jan. 21, 2020) (Foreclosure actions "concern the disposition of real property and hence implicate important state interests, and there is no reason to doubt that the state proceedings provide the plaintiff with an adequate forum to make the arguments he seeks to raise in this court."). This Court's premature intervention could result in inconsistent rulings or impermissibly intrude on the state court's functions. This lawsuit cannot proceed at this time because of the doctrine of *Younger* abstention. *Younger*, 401 U.S. at 44; *see Tucker v. Specialized Loan Servicing, LLC*, 83 F. Supp. 3d 635, 643 n.6 (D. Md. 2015) (*Younger* abstention may be raised *sua sponte* by district courts).

Finding it appropriate to abstain under the *Younger* doctrine, the Court does not reach the merits of Plaintiff's emergency motion for temporary restraining order and preliminary injunction. *See Lindsay v. Rushmore Loan Mgmt. Servs. LLC*, No. PWG-15-1031, 2017 WL 167832, at *2 (D. Md. Jan. 17, 2017) (noting that "federal circuit and district courts, including this Court, have relied upon the doctrine of abstention articulated in [*Younger*] as a basis for the dismissal of cases concerning real property interests when the property at issue is the subject of ongoing foreclosure proceedings in state court").

## IV.  CONCLUSION

For the reasons discussed above, the Court denies Plaintiff's emergency motion for temporary restraining order and preliminary injunction, ECF 2, and will dismiss this action without prejudice. A separate Order follows.

Dated: May 27, 2025                                      /s/
                                                         Stephanie A. Gallagher
                                                         United States District Judge